ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ        1412
DELLA A. BELATTI     7945
SARAH R. DEVINE      9673
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff
BRANDON HALEAMAU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRANDON HALEAMAU, | ) | CIVIL NO. <u>14-00430</u> |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>COMPLAINT FOR DAMAGES</u>

Plaintiff BRANDON HALEAMAU (hereinafter "Plaintiff"),
by and through his undersigned attorneys, alleges and avers as
follows:

1.   This is an action arising under the Federal Tort
Claims Act, 28 U.S.C. §§ 2671, <u>et seq.</u>, for money damages as
compensation for the personal injuries suffered by Plaintiff due
to Defendant UNITED STATES OF AMERICA's failure to timely and
adequately treat Plaintiff while he was incarcerated at the

Federal Detention Center located in Honolulu, Hawaii ("FDC Honolulu").

2.     This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

3.     Venue resides in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1402 as all of the acts and/or omissions that are the basis for this lawsuit occurred in the City and County of Honolulu, State of Hawaii, which is within the District of Hawaii.

4.     Plaintiff is and was, at all times relevant, a resident of the State of Hawaii who was incarcerated as an inmate at FDC Honolulu at all times pertinent hereto.

5.     Defendant UNITED STATES OF AMERICA (hereinafter "Defendant UNITED STATES") is named herein pursuant to 28 U.S.C. § 2674, as Plaintiff's injuries were caused by the negligent and wrongful acts and/or omissions of employees, officers, and/or agents of the United States Department of Justice, Federal Bureau of Prisons (hereinafter "Federal BOP"), at all times pertinent hereto.

6.     On or about December 28, 2011, Plaintiff reported lower abdominal and scrotum pains to Nurse Practitioner Thomas R. Liles ("NP Liles") of FDC Honolulu's Health Services Unit.

7.     Plaintiff explained to NP Liles that he believed he was suffering from a hernia.

2

8.  NP Liles misdiagnosed Plaintiff's condition and prescribed him medication for a urinary tract infection.

9.  On or about February 10, 2012, after Plaintiff's scrotum pain returned, he again reported to FDC Honolulu's Health Services Unit and explained that the pain and symptoms he was experiencing were due to a hernia.

10.  NP Liles again misdiagnosed Plaintiff's condition and prescribed him an antibiotic that reduced the swelling but did not reduce Plaintiff's pain.

11.  On or about June 8, 2012, Plaintiff experienced an allergic reaction due to something he ate and he was taken to the emergency department at The Queen's Medical Center.

12.  While Plaintiff was being treated for hives and an allergic reaction, a nurse observed his inflamed scrotum and suggested that Plaintiff have it looked at.

13.  Upon returning to FDC Honolulu, Plaintiff followed up on the Queen's nurse's suggestion and requested to see NP Liles regarding the continued pains in his scrotum.

14.  This request was disregarded and on or about August 20, 2012, Plaintiff broke out with a fever and was sent immediately to FDC Honolulu's medical unit.

15.  In addition to Plaintiff's high temperature, he again reported that his scrotum pain had returned and requested a doctor's opinion.

16.   Plaintiff was then examined by David T. Ackley, M.D. ("Dr. Ackley") who diagnosed him with an inguinal hernia with obstruction and sent Plaintiff to the emergency department at The Queen's Medical Center for further testing.

17.   Plaintiff's diagnosis of a left inguinal hernia was confirmed and he was scheduled to have surgery that day.

18.   Plaintiff's surgery was postponed due to his high temperature and possible infection.

19.   Upon discharge on August 20, 2012, Plaintiff was instructed to follow up with the Queen's doctor in one week to reschedule his surgery.

20.   On or about September 24, 2012, Plaintiff was examined by Dr. Frederick Yost, who also diagnosed his left inguinal hernia and recommended surgical repair at The Queen's Medical Center.

21.   On or about September 26, 2012, Dr. Ackley acknowledged receipt of this diagnosis and treatment recommendation.

22.   Plaintiff's surgery finally was performed on November 26, 2012, after misdiagnoses by NP Liles and Dr. Ackley, and excruciating pain and enormous emotional distress to Plaintiff.

23.   Before Plaintiff's reporting of lower abdominal and scrotum pains to NP Liles on or about December 28, 2011, Plaintiff had also explained to NP Liles and Dr. Ackley that he had scoliosis or curvature of the spine that required treatment to ease his lower back pains.

24.   On or about September 23, 2011, Plaintiff's scoliosis or curvature of the spine was verfied by a radiology examination conducted by FDC Honolulu that found and concluded his condition of "dextroscoliosis."

25.   Upon receiving Plaintiff's radiology report, Dr. Ackley did not offer any treatment for Plaintiff's condition and provided Plaintiff with a chart of exercises he could follow to help with his lower back pains.

26.   During the period of delayed treatment for Plaintiff's hernia, from the initial misdiagnosis to the day surgery was performed, Plaintiff was not able to complete any of the exercises on the chart that he had been provided by Dr. Ackley to treat his scoliosis and lower back pains.

27.   At all times relevant employees, officers, and/or agents of the Federal BOP owed a duty of reasonable care to Plaintiff for his health, safekeeping, care and well-being.

28.   The medical care and/or treatment provided to Plaintiff fell significantly below the standard for care in the community.

29.   Employees, officers, and/or agents of the Federal BOP of Defendant UNITED STATES knew or should have known that their actions and/or omissions could foreseeably pose an unreasonable risk to the health, safety, and well-being of Plaintiff.

30.   Despite this notice, employees, officers, and/or agents of the Federal BOP of Defendant UNITED STATES failed to exercise reasonable care as to the health, safety, and well-being of Plaintiff, thereby acting negligently herein and proximately and directly causing the injuries to Plaintiff.

31.   As a direct and proximate result of the foregoing Plaintiff suffered and continues to experience pain and suffering for Defendant UNITED STATES' employees', officers' and/or agents' failure to timely and adequately treat and provide for his health, safety, and care.

32.   As a direct and proximate result of the foregoing Plaintiff has suffered great mental anguish, severe emotional distress, anxiety, embarrassment, humiliation, worry, and anger.

33.   Pursuant to the Federal Tort Claims Act a written claim was submitted to the Federal BOP on or about November 18, 2013, by means of a Standard Form 95.

34.   The Federal BOP denied Plaintiff's written claim in a letter dated March 25, 2014, and Plaintiff is presently entitled to bring his claims in this Court.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For general damages in amounts to be proven at trial;

2.   For special damages in amounts to be proven at trial;

3.   For reimbursement of his costs and expenses herein, including reasonable provision for his attorneys' fees; and

4.   For such further and additional relief as the Court deems appropriate and just.

DATED:  Honolulu, Hawaii, _____ September 23, 2014 .


/s/ Eric A. Seitz_____
ERIC A. SEITZ
DELLA A. BELATTI
SARAH R. DEVINE

Attorneys for Plaintiff
BRANDON HALEAMAU